UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   Case No. 6:09-cr-47-Orl-35GJK

PATRICK CONNOLLY

**SUPPLEMENTAL NOTICE OF INTENT TO INTRODUCE EVIDENCE
UNDER RULE 404(B) OF THE FEDERAL RULES OF EVIDENCE**

The United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, files this Supplemental Notice of its intent to introduce evidence under Rule 404(b) of the Federal Rules of Evidence, as follows:

**Original Notice of its Intent to Introduce Evidence
under Rule 404(b) of the Federal Rules of Evidence**

On April 14, 2009, the United States filed its Notice of its intent to introduce evidence under Rule 404(b) of the Federal Rules of Evidence (Doc. 25), which provided as follows:

1.   On March 13, 2009, Defendant Patrick Connolly was charged in a criminal complaint with a violation of 18 U.S.C. § 1030(a)(5)(A)(i). Doc. 1. The case number for that complaint is 09-1069. On April 1, 2009, the Defendant was charged in a one count Indictment for a violation of 18 U.S.C. § 1030(a)(5)(A)(i). Doc. 16.

2.   As set forth in the affidavit supporting the issuance of a criminal complaint in Case No. 09-1069, the Defendant in this case is alleged to have hacked into the computers of minor females for the purpose of extorting them and coercing them into manufacturing child pornography and engaging in sexually explicit conduct. If a victim declined to do what the Defendant demanded, the Defendant would threaten to cause damage to the victims computer, post personal information and images of the victim on

the Internet, and/or distribute personal information and files of the victim to others. The Indictment charges the Defendant for one of the times where he caused damage to a computer without authorization. That, however, is not the only instance where the Defendant committed a computer intrusion, caused damage, or threatened to cause damage, to a computer, or threatened to post to the Internet or distribute the personal information or files of a victim.

       3.      As described in greater detail in the affidavit supporting the issuance of a criminal complaint against in Case No. 09-1069, the Defendant has, without authorization, intruded (or hacked) into computers used by several minor females, has threatened to cause damage to their computers, and/or has threatened to post to the Internet or distribute personal information and files about them if they did not comply with his demands to send him nude or pornographic image of themselves or images of themselves engaged in sexually explicit conduct. Seven of those victims are identified in the affidavit to the criminal complaint as Victim #1, Victim #2, Victim #3, Victim #4, Victim #5, Victim #6, and Victim #7 (as identified in the complaint affidavit). Details about those intrusions and threats made to those victims are set forth in the affidavit to the criminal complaint and in the discovery that has been provided to the Defendant. In addition, as part of the investigation in this case, a search warrant was obtained for electronic evidence that was in the Defendant's possession upon his arrest on March 14, 2009. Agents and investigators have begun to conduct their analyses and examinations of those items, which include a laptop, external hard drive, cellular telephone, and thumb drive. Based on the analyses and examinations that have been conducted to date, agents and investigators have located information and files on the Defendant's laptop regarding five of the seven victims identified in the criminal

complaint (Victim #s 1, 2, 5, 6, and 7), which confirms that the Defendant was involved in attempting to coerce those victims into sending him nude or pornographic images and/or images of them engaged in sexually explicit conduct.

4. Nor did the Defendant cease engaging in this conduct after his victims became adults. Based on the analyses and examinations that have been conducted to date of the laptop seized from the Defendant upon his arrest, agents and investigators have found pornographic images that Victim #7 and a victim in New Jersey (both now are adults) sent to the Defendant after the Defendant contacted them at the beginning of this year to re-new his efforts of extorting them into manufacturing pornography for him.

5. In addition to computer intrusions and threats that were directed at the seven victims identified in the complaint affidavit (as described above), agents and investigators have found evidence of other, similar computer intrusions and threats that were made by the Defendant. As noted above, agents and investigators have begun to conduct analyses and examinations of the items seized from the Defendant upon his arrest. Based on the analyses and examinations that have been conducted to date, agents and investigators have determined that the Defendant has been involved in other instances over the past couple of years where computer intrusions were committed or where threats were made to minors that their computers would be damaged and/or their personal information would be posted on the Internet or otherwise distributed if the victims did not comply with the Defendant's demands to send nude or pornographic image of themselves or images of themselves engaged in sexually explicit conduct. By way of example, the Defendant's laptop includes information and files regarding a victim in New Jersey who, when she was a minor several years ago, was coerced by the

Defendant into manufacturing child pornography that was sent to the Defendant to collect. Forensics on the Defendant's laptop revealed a pornographic photograph of the New Jersey victim that had been received by the Defendant earlier this year.

6. In addition to the victim in New Jersey, investigators have identified other victims of the Defendant located in the District of Columbia, Mississippi, and Texas. Each of these victims is expected to testify that they were contacted by a screen name or e-mail address associated with the Defendant, that they were threatened that they needed to send nude or pornographic images or images involving sexually explicit conduct to the individual who was threatening them, and that the individual threatening them represented that the individual would cause damage to the victim's computer and/or would post items to the Internet or otherwise distribute information and files pertaining to the victim if they did not comply.

7. The Defendant's motive to commit computer intrusions was to extort minor victims into manufacturing child pornography and engaging in sexually explicit conduct. Even after those victims became adults, the Defendant continued to contact them as part of an effort to coerce them into sending him nude or pornographic images or images of them engaged in sexually explicit conduct.

8. Upon his arrest on March 14, 2009, the Defendant was advised of his <u>Miranda</u> rights, which he waived. In the ensuing interview, one of the statements made by the Defendant was to state that he had been fired from his job in Saudi Arabia due to allegations that he had hacked into the computer of the boyfriend of the Defendant's ex-wife. The Defendant acknowledged that he had been fired for this reason, but he implied that he had not done any such act.

9.    The United States intends on introducing this evidence in its case-in-chief at trial as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident as is permitted under Federal Rule of Evidence 404(b). In particular, the United States will argue that this evidence demonstrates that the Defendant was the person who committed the computer intrusion that is charged in the Indictment, that the Defendant had the skills and experience to be able to commit the computer intrusion, that the Defendant committed the intrusion for the purpose of attempting to extort who he thought was a minor victim (in fact, it was an FBI agent) as he had done and attempted to do with other victims, that the Defendant's actions were part of a common scheme or plan engaged in by him, that the Defendant knows how to hack into computers, that the Defendant has used the same or similar computer hacking tools on other occasions, that the Defendant's motive was to force the victims into manufacturing pornography and/or engaging in sexually explicit conduct, and that the Defendant's computer intrusion was not done by mistake or accident but was done knowingly and willfully.

10.    Although it has filed this Notice, the United States reserves its right to argue that the evidence described in this Notice is not governed by Federal Rule of Evidence 404(b) and is admissible without having to satisfy any of the requirements imposed by that Rule. See generally United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983) (per curiam) (noting that [e]vidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense, * * *, if it was inextricably intertwined with the evidence regarding the

charged offense, * * *, or if it is necessary to complete the story of the crime of trial. . . .) (citations omitted).

11.     The analyses and examinations of the items that were seized from the Defendant on March 14, 2009 are continuing and further evidence may be obtained once those analyses and examinations are complete.

### Supplemental Notice of its Intent to Introduce Evidence under Rule 404(b) of the Federal Rules of Evidence

In addition to the items identified as potential Rule 404(b) evidence in its April 14, 2009 Notice, the United States provides notice that additional victims have been identified based on additional investigation.[1]  Those victims are from Michigan, Connecticut, and North Carolina.  Each of these victims is expected to testify that they were contacted by a screen name or e-mail address associated with the Defendant, that they were threatened that they needed to send nude or pornographic images or images involving sexually explicit conduct to the individual who was threatening them, and that the individual threatening them represented that the individual would cause damage to the victim's computers and/or would post items to the Internet or otherwise distribute information and files pertaining to the victims if they did not comply.

In addition, the victim from Michigan is expected to testify that her name is a name that the Defendant has used as an alias in perpetrating his crimes.  The victim from Connecticut is also expected to testify that she met the Defendant when he came to visit her in the United States.

---

[1] The United States also makes one correction to the original Notice.  In the original Notice, one of the victims was noted as being from Mississippi.  In fact, that victim is from Louisiana.  The States of the other victims were correctly identified.

The United States also intends on introducing in its case-in-chief evidence that has been provided to the Defendant in the form of expert reports, summaries of expert testimony, information provided directly by the forensic expert to the Defendant's counsel in a meeting held on August 4, 2009, and evidence contained on the CD-ROM and DVD-ROM that were provided to the Defendant on July 7, 2009 and the CD-ROMs that were provided to the Defendant on August 4, 2009.  This evidence relates to the Defendant's computer hacking activities, the Defendant's familiarity with various computer hacking tools, the Defendant's use of various screen names and e-mail addresses involved in the crimes, the Defendant's efforts to force victims into manufacturing pornography and/or engaging in sexually explicit conduct, and the Defendant's threats to victims that he would cause damage to their computers and/or post items to the Internet or otherwise distribute information and files pertaining to them if they did not comply with his demands.

The United States intends on introducing the evidence identified in the original Notice and Supplemental Notice in its case-in-chief at trial as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident as is permitted under Federal Rule of Evidence 404(b). In particular, the United States will argue that this evidence demonstrates that the Defendant was the person who committed the crimes that are charged in the Superseding Indictment, that the Defendant had the skills and experience to be able to commit those crimes, that the Defendant committed computer intrusions for the purpose of attempting to extort minor victims, that the Defendant's actions were part of a common scheme or plan engaged in by him, that the Defendant knows how to hack into computers, that the Defendant has

used the same or similar computer hacking tools on other occasions, that the Defendant has threatened victims by using a computer to send e-mails and instant messages, that the Defendant's motive was to force the victims into manufacturing pornography and/or engaging in sexually explicit conduct, and that the Defendant's computer intrusions, computer hacking, and threats were not done by mistake or accident but were done knowingly and willfully.

Although it has filed the original Notice and Supplemental Notice, the United States reserves its right to argue that the evidence described in the original Notice and Supplemental Notice is not governed by Federal Rule of Evidence 404(b) and that all of that evidence is admissible without having to satisfy any of the requirements imposed by that Rule. See generally United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983) (per curiam) (noting that [e]vidence of criminal activity other than the charged offense is not considered extrinsic within the proscription of Rule 404(b) of the Federal Rules of Evidence if it is an uncharged offense, * * *, if it was inextricably intertwined with the evidence regarding the charged offense, * * *, or if it is necessary to complete the story of the crime of trial. . . .) ( citations omitted).

The United States also reserves the right to argue that evidence related to Victim #1, Victim #2, Victim #3, Victim #4, Victim #5, Victim #6, and Victim #7 is not extrinsic, because the Superseding Indictment charges crimes associated with those victims. In addition, the United States reserves the right to argue that the evidence identified in the original Notice and Supplemental Notice is not extrinsic evidence, because it relates to a "related course of conduct affecting 1 or more other protected computers" for purposes of 18 U.S.C. § 1030.

Date:  August 21, 2009

           Respectfully submitted,

           A. BRIAN ALBRITTON
           United States Attorney


By: *s/ Roger B. Handberg*
   Roger B. Handberg
   Assistant United States Attorney
   Florida Bar No. 0241570
   501 West Church Street, Suite 300
   Orlando, Florida  32805
   Telephone:   (407) 648-7500
   Facsimile:    (407) 648-7643
   E-mail:  Roger.Handberg@usdoj.gov

U.S. v. PATRICK CONNOLLY                              Case No. 6:09-cr-47-Orl-35GJK

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Peter Warren Kenny, Esq.

*s/ Roger B. Handberg*
Roger B. Handberg
Assistant United States Attorney
Florida Bar No. 0241570
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:       Roger.Handberg@usdoj.gov